GLASCOCK AND OTHRS VS, RAND.

(TWO CASES.)

1. If a purchaser of land executes a negotiable note for the purchase money to an apparent stranger to the title, and fails to secure himself by a proper penal covenant; he has no one to blame but himself; and cannot set up as a defence to the note, the failure of the parties in interest to execute proper conveyances to him.

Glascock and others vs. Rand.

## APPEAL from Marion Circuit Court.

GLOVER & CAMPBELL, for Appellee.

1. It does not appear by the affidavit of Glascock he had any defence to the suit.

2. It does not appear how the note came to be executed to Rand.

3. It does not appear that the pretended testimony wanted was not to be had in Marion county at and before the trial. That he wrote letters is nothing; may have written them to the wrong place to get a continuance. Mrs. Brigham knew the ages of her children, why did not take her deposition? When did Fuqua tell him? May be some one told him before Fuqua did.

4. What is meant by "the testimony" mentioned in connection with Richmonds letter; what was it?

5. How was it material the note being given in part for the interest of Brigham's heirs that three of the heirs were under age. Did the infants sell to him? Was the sale made by proceedings in partition, by trustees, or how?

6. Suppose Lavinia Brooks was not 21 years of age when she signed her deed what has that to do with it? Why did he not prove that; he does not show. Was Lavinia B. one of the three heirs?

7. Suppose he was interested in the share of three infants who had not conveyed. His is not of course a defence. He may have secured himself by indemnifying bonds that they should convey on arriving at age.

BIRCH, J., delivered the opinion of the court.

This was a petition in debt—plea the statutory one. Glascock was served on the 22d of June, 1849. At the trial term in November following, the cause was continued on his affidavit; and at the succeeding term, in March, 1850, he again applied for a continuance, filing, for that purpose, the following affidavit:

"Stephen Glascock states that the above note was given in conjunction with three others, in part consideration of the interest of Brigham's heirs in lands and lots in Hannibal, for which interest he gave $1500 in cash, and four notes for $1250 each. Two of the notes he has paid. The legal title to the land and lots purchased is in the three heirs of Brigham, but one of whom was of age at the time of purchase, as respondent has been informed and believes. Deponent is anxious to obtain a title for said land that will place him out of further trouble as to that title. Deponent in February last wrote to William Brigham, to Frankfort, Ky., if he was of age to send a deed of the property. Deponent further expected to prove by the family record the age of the children of William Brigham, but learned that Mrs. Brigham had removed from Virginia, and learned from Fuqua, for the first time, that he had the family record with her in Frankfort, Ky., and that William

was there, and deponent has had various letters written to ascertain as to the ages of the children, and by whom it could be legally proved, but has been unable to ascertain the testimony, until he received a letter from Joel Richmond, an attorney employed by respondent and Z. G. Draper, in the latter part of February, too late to obtain the testimony for this court. Deponent says that he wishes to prove that on the day of the deed signed by Livinia R. Broo s, to wit : the 16th day of June, 1847, she was not twenty-one years of age, and consequently not bound by it. Second, that William A. Brigham, if of age, has made no deed, and that one third of the title remans in him, and that proof of the family record, now as deponent is informed in the possession of Mrs. Brigham, will establish it. Deponent has no doubt he will be able to prove the above facts by the next term of this court—that this application is not made for delay, but that he obtain his rights and obtain his deeds before payment of the money."

The notes in suit having been made to the plaintiff and expressed to be "negotiable and payable without defalcation or discount" we suppose that his right to recover them would have been wholly unaffected, even if all the testimony spoken of in the affidavit had been before the court. If when executing such notes in favor of an apparent stranger to the title, the defendant did not secure himself by a proper penal covenant, he had but himself to blame. Independent of this, however, the affidavit has but to be analised, in order to disclose not only a total want of legal diligence, but of legal allegation, on which to found a motion for a continuance—especially a second one. The circuit court could not, therefore, do otherwise than overrule the motion for that purpose ; and that being the only point in the record before us, its judgment is accordingly affirmed.